UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROCHESTER DRUG CO-OPERATIVE, INC.

        Plaintiff,

v.

HISCOX INSURANCE COMPANY, INC.,

        Defendant.
_____

**ORDER**

6:20-CV-06025 EAW

Plaintiff Rochester Drug Co-Operative Inc. ("Plaintiff") commenced this action on January 10, 2020, against Hiscox Insurance Company, Inc. ("Defendant") alleging that Defendant wrongfully disclaimed coverage under the terms of a Private Company Management Liability Insurance Policy bearing number UVA1901796.17 ("the Policy"). (Dkt. 1). On January 21, 2020, at approximately 4:30 p.m., Plaintiff hand-delivered to the undersigned's Chambers papers in support of a motion for preliminary injunction, motion to expedite, and motion to seal. Only the notice of motion in support of the motion to seal has been publicly filed on the Court's docket. (Dkt. 4).

Plaintiff represents that complete copies of the motion papers were sent via email to two attorneys who represent or formerly represented Defendant, namely Christopher Parady of the law firm Peabody & Arnold LLP and James Stankowski of the law firm Wilson Elser Moskowitz Edelman & Dicker LLP. Plaintiff also represents that Defendant was personally served with the Complaint on January 16, 2020.

- 1 -

The Court initially attempted to arrange a telephone call to discuss the pending motions with counsel for Plaintiff and Defendant, but counsel for Defendant has advised that he is still conducting a conflict check and therefore is not prepared to appear on behalf of Defendant at this stage.

The Court has reviewed the motion papers filed by Plaintiff and hereby grants the motion to expedite, but only in part. Specifically, Plaintiff represents that it needs a decision to be rendered by the Court on the underlying motion for a preliminary injunction on or before January 27, 2020 (in other words, four business days after delivering to the Court its motion papers). The urgency claimed by Plaintiff is, at least in part, of its own making. According to Plaintiff's papers, Defendant disclaimed coverage under the Policy over four months ago—on September 13, 2019—and Plaintiff was aware of that potential even in advance of that date. Moreover, the state court trial that is referenced in Plaintiff's papers was, according to Plaintiff, scheduled by the state court judge over two months ago—on or about November 13, 2019—and it was over a month ago (on December 19, 2019), that the materials were served in that state court action that serve as the basis, in part, for the relief requested by Plaintiff.

Thus, for Plaintiff to come rushing into the Court asking for expedited relief to be not just considered by the Court, but actually granted by the Court within the matter of four business days is, to say the least, unreasonable and not warranted by Plaintiff's own delay. Indeed, Plaintiff commenced this federal court litigation on January 10, 2020, but waited over eleven days to provide the Court with its motion for a preliminary injunction—in other

words, taking almost twice as much time to just file the motion as it now claims the Court must utilize to receive responding papers and decide the motion.

Notwithstanding the above, the Court agrees that the issues raised by Plaintiff deserve attention in at least a more expedited fashion than may otherwise occur in the ordinary course. Accordingly, Plaintiff's motion to expedite is granted in part. Defendant must file any papers in opposition to the motion for a preliminary injunction on or before February 3, 2020, and any reply papers in further support of the motion for a preliminary injunction shall be filed on or before February 7, 2020. Oral argument is hereby scheduled before the undersigned on Friday, February 14, 2020, at 4:00 p.m., at the United States Courthouse, 100 State Street, Rochester, New York 14614.

Plaintiff's counsel is directed to serve a copy of this Order by overnight mail and electronic mail on both Messrs. Parady and Stankowski on or before January 23, 2020, and file proof of service of the same, which shall be deemed good and sufficient service.

Finally, with respect to Plaintiff's motion to seal, the Court denies Plaintiff's request to seal the entirety of the underlying motion papers. "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The "Constitution, and specifically the First Amendment to the Constitution, also protects the public's right to have access to judicial documents." *United States v. Erie County, N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014). "The presumption of access is 'based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 466 (S.D.N.Y. 2017) (quoting *United*

States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). "Therefore, motions to seal documents must be 'carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Id.* (alterations in original) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)).

The Court finds the motion to seal in the instant matter has not been sufficiently narrowly tailored. *See Lugosch*, 435 F.3d at 124 (explaining that a court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim"). While the Court agrees that certain information contained in the motion papers should be kept confidential and filed under seal, there are materials and information contained in the motion papers that are publicly available or should be publicly available. Accordingly, the motion to seal is denied. On or before January 24, 2020, Plaintiff shall file publicly the papers in support of the motion to seal, motion to expedite, and motion for a preliminary injunction with proposed redactions.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED:   January 22, 2020
         Rochester, New York