UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROCHESTER DRUG CO-OPERATIVE,
INC.,

                Plaintiff,

      v.

HISCOX INSURANCE COMPANY, INC.,

                Defendant.
_____

**ORDER**

6:20-CV-06025 EAW

      Plaintiff Rochester Drug Co-Operative ("Plaintiff") seeks an Order pursuant to Federal Rule of Civil Procedure 65(a) enjoining and restraining defendant Hiscox Insurance Company, Inc. ("Defendant") from "[d]ishonoring [Plaintiff's] . . . right to the advancement of current and future defense costs, inclusive of attorneys' fees, discovery expenses, and expert fees; and . . . [r]efusing to advance reasonable defense costs" in connection with three lawsuits scheduled to go to trial on March 20, 2020, in New York State Supreme Court, Suffolk County. (Dkt. 11). Because the Court finds that Plaintiff has established irreparable harm, a balance of hardships tipping decidedly in Plaintiff's favor, and at least sufficiently serious questions going to the merits to make them a fair ground for litigation, the Court grants Plaintiff's motion subject to it posting a bond in the amount of five hundred thousand dollars ($500,000) pursuant to Federal Rule of Civil Procedure 65(a). Due to the urgent nature of Plaintiff's request, the Court has issued this Order briefly outlining its reasoning, but in due course it will issue a Decision and Order memorializing its reasoning in further detail.

In order to obtain a preliminary injunction, the moving party must establish the following: (1) a likelihood of irreparable harm absent preliminary relief; (2) a likelihood of success on the merits; (3) the balance of equities tipping in favor of the moving party; and (4) the public interest is served by an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where the moving party is unable to demonstrate a likelihood of success on the merits, a court may still issue a preliminary injunction if the moving party demonstrates "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)); *see also Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 113-14 (2d Cir. 2006) ("To obtain a preliminary injunction, plaintiff must show irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor.").

Although at first blush it would appear as though the relief requested by Plaintiff is mandatory and not prohibitory (thus arguably impacting the ability to obtain a preliminary injunction with the lesser showing of serious questions going to the merits), relevant case law supports the conclusion that Plaintiff seeks a prohibitory as opposed to a mandatory injunction. *See XL Specialty Ins. Co. v. Level Glob. Inv'rs, L.P.*, 874 F. Supp. 2d 263, 271-72 (S.D.N.Y. 2012) (holding "the injunction sought is prohibitory, not mandatory" after finding that the status quo should be measured as of the date "immediately before [the

insurance company] told the Insureds that it would no longer advance defense costs"); *In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 463 (S.D.N.Y. 2005) (finding the prohibitory injunction standard applied where the insurance company had not yet advanced any defense costs because the "preliminary injunction grants only part of the relief to which [the plaintiff] would be entitled on the merits and requires [the defendant] 'to do what it should have done earlier'" (quoting *Johnson v. Kay*, 860 F.2d 529, 541 (2d Cir. 1988))).

The Court further finds that Plaintiff has established irreparable harm. Courts have found that there may be irreparable harm to a corporation that fails to receive defense costs if the corporation demonstrates: (1) it cannot afford to pay legal fees in the underlying litigation absent insurance coverage; (2) absent payment of those legal fees, its current counsel will withdraw; and (3) a significant proceeding, such as a trial, is imminent in the underlying litigation. *See Emons Indus., Inc. v. Liberty Mut. Ins. Co.*, 749 F. Supp. 1289, 1294-95 (S.D.N.Y. 1990) (finding irreparable harm for corporation involved in ongoing civil litigation where either payment of legal fees or default judgments resulting from lack of defense would result in bankruptcy of company); *see also Dover Steel Co. v. Hartford Accident & Indem. Co.*, 806 F. Supp. 63, 68 (E.D. Pa. 1992) ("If [the corporation] avoids bankruptcy and seeks to continue to defend the [underlying] action, the issue of irreparable harm would arise if plaintiffs' attorneys choose to withdraw and were allowed to do so by the court and a significant legal event was in the offing (trial or argument on a significant motion) which plaintiffs were without the legal wherewithal to handle."). Upon thorough review of Plaintiff's submissions (*see* Dkt. 15 at ¶ 38; Dkt. 15-2 at ¶¶ 14-18, 24; Dkt. 15-3 at 14-16; Dkt. 19 at 22-23; Dkt. 29 at ¶¶ 10-12; Dkt. 32 at 5; Dkt. 33 at 20), the Court finds

Plaintiff has met its burden of demonstrating irreparable harm if it does not receive an advancement of reasonable defense costs for the lawsuits scheduled to go to trial on March 20, 2020.

The Court further finds that the balance of the hardships tips decidedly in Plaintiff's favor—Plaintiff's failure to receive defense costs could seriously jeopardize its ability to meaningfully participate in the upcoming trial and defend itself, whereas Defendant's risk is limited to potential monetary harm. *See XL Specialty Ins. Co.*, 874 F. Supp. 2d at 276 (finding the balance of hardships tipped in favor of insureds where insureds risked losing the ability to mount an effective defense whereas insurer faced monetary damages).

The Court also finds that Plaintiff has at least raised sufficiently serious questions going to the merits of the dispute. Defendant relies upon three separate exclusions in the insurance policy to support its position that it does not have to pay defense costs. Of course, "[a]n insurer bears the burden of proving the applicability of an exclusion of coverage," *Lend Lease (U.S.) Const. LMB Inc. v. Zurich Am. Ins. Co.*, 136 A.D.3d 52, 59 (1st Dep't 2015), *aff'd sub nom. Lend Lease (US) Const. LMB Inc. v. Zurich Am. Ins. Co.*, 28 N.Y.3d 675 (2017),[1] and "the ambiguities in the policy ordinarily are construed in favor of coverage and against the insurer, because as the drafter of the policy the insurer is responsible for the ambiguity," *Andy Warhol Found. for Visual Arts, Inc. v. Fed. Ins. Co.*, 189 F.3d 208, 215 (2d Cir. 1999). After carefully examining the policy language and

---

[1] In this diversity action, New York law provides the governing standard. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 416 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.").

exclusions, the Court views the applicability of the prior knowledge exclusion as Defendant's most meritorious argument that there is no coverage. However, based on the record before it, the Court is not able to conclude that Plaintiff failed to disclose a "known claim" in connection with the Application. The Court requested further briefing from the parties on this issue, and yet still the record is unclear and ambiguities exist. With the burden ultimately falling on Defendant to prove applicability of the exclusion, and in view of the requirement that the Court construe any ambiguities in the prior knowledge exclusion in Plaintiff's favor, the Court concludes that there are sufficiently serious questions going to the merits to make them a fair ground for litigation.

Plaintiff has asked, in the event that the Court grants its motion for a preliminary injunction, that the requirement to post a bond be waived. Federal Rule of Civil Procedure 65 provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Second Circuit has found that Rule 65 gives the district court discretion to decide whether, under the circumstances, security is required. *See Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004). "[T]he district court may dispense with security where there has been no proof of likelihood of harm to the party enjoined." *Int'l Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974).

The Court finds that under the circumstances, a bond is required. "[W]rongfully enjoined parties are entitled to a presumption in favor of recovery," and "permitting recovery is consistent with the purpose of an injunction bond." *Nokia Corp. v. InterDigital,*

*Inc.*, 645 F.3d 553, 560 (2d Cir. 2011). Plaintiff's submissions have demonstrated that, due to its current financial circumstances, if a determination is ultimately made finding it is not entitled to coverage, Plaintiff would almost certainly not be able to repay Defendant for the defense costs advanced. While the Court has concluded that Plaintiff has established the appropriateness of a preliminary injunction, the Court cannot say with certainty that Plaintiff will prevail at the end of the litigation. In light of the uncertainties surrounding Plaintiff's business as whole, and especially in light of the early juncture of this litigation and the uncertainty surrounding its ultimate disposition, the Court finds that waiving a bond would present an unreasonable likelihood of harm to Defendant that cannot be justified.

The case Plaintiff principally relies on, *XL Specialty Ins. Co.*, 874 F. Supp. 2d 263, does not dictate a different result. In that case, the Court did not address whether the insureds had the financial wherewithal to repay the insurer in the event the insureds were not entitled to coverage, and specifically noted that "the Policy requires defense costs to be repaid if the Insureds are ultimately not entitled to such payments, and [the insurer] is at liberty, upon such a determination, to pursue repayment from the individual Insureds" as well as the corporation the insureds worked for. *Id.* at 298.

For the reasons stated above, the Court finds that Plaintiff is entitled to a preliminary injunction requiring Defendant to pay the defense costs for the trial scheduled to begin March 20, 2020, but the implementation of the preliminary injunction is contingent upon

Plaintiff posting a bond in the amount of five hundred thousand dollars ($500,000) which the Court determines to be reasonable under the circumstances.[2]

It is hereby ORDERED that Plaintiff's motion for a preliminary injunction (Dkt. 11) is granted so that Defendant is enjoined and restrained from refusing to advance reasonable defense costs, inclusive of attorneys' fees, discovery expenses, and expert fees, in connection with three lawsuits scheduled to go to trial on March 20, 2020, in New York State Supreme Court, Suffolk County, effective only upon condition of Plaintiff's submission of adequate proof to the Court that it has posted a bond in the amount of $500,000.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 25, 2020
       Rochester, New York

---

[2] Plaintiff has made certain representations concerning the anticipated length and cost of the trial. Under the circumstances, the Court concludes that a bond of $500,000, is appropriate. *See Corning Inc.*, 365 F.3d 156 at 158 ("Rule 65(c) gives the district court wide discretion to set the amount of a bond[.]" (quotation omitted)); *Midas Int'l Corp. v. T & M Unlimited, Inc.*, No. 00-CV-0899E(F), 2000 WL 1737946, at *5 (W.D.N.Y. Nov. 17, 2000) ("The amount of the bond required is in the discretion of the district court.").