UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER DRUG CO-OPERATIVE,
INC.,

               Plaintiff,                             **ORDER**

               v.                                  6:20-CV-06025 EAW

HISCOX INSURANCE COMPANY, INC.,

               Defendant.
_____

By Order entered February 25, 2020, this Court granted a preliminary injunction in favor of plaintiff Rochester Drug Co-Operative, Inc. ("Plaintiff") enjoining and restraining defendant Hiscox Insurance Company, Inc. ("Defendant") from refusing to advance reasonable defense costs, inclusive of attorneys' fees, discovery expenses, and expert fees, in connection with three lawsuits scheduled to go to trial on March 20, 2020, in New York State Supreme Court, Suffolk County, effective only upon Plaintiff posting a bond in the amount of $500,000. (Dkt. 44). The Court's reasoning was memorialized in further detail by Decision and Order entered June 11, 2020, which also denied Defendant's motion to dismiss. (Dkt. 57). On July 9, 2020, Defendant filed a notice of appeal from the June 11, 2020, Decision and Order. (Dkt. 69).[1] On July 30, 2020, Plaintiff filed a motion to vacate the preliminary injunction because of a change in circumstances—namely, the March 20, 2020 trial was adjourned without a date, and Plaintiff could not post the required bond.

_____
[1]      The Court does not opine on the timeliness of Defendant's appeal.

(Dkt. 70).  Defendant does not oppose the motion to vacate, but seeks clarity that the preliminary injunction is vacated to the extent reflected by both the February 25, 2020 Order and the June 11, 2020 Decision and Order.  (Dkt. 74).

Federal Rule of Civil Procedure 62.1 states that where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1(a).  In the event the Court states pursuant to Rule 62.1(a)(3) that it would grant the motion or that the motion raises a substantial issue, "[t]he movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1[.]"  Fed. R. Civ. P. 62.1(b).  "A motion brought pursuant to [Rule] 62.1 is a procedural device that allows a district court to inform the parties and [the circuit court] how it would rule on the merits of certain motions after an appeal has been filed and the district court has been divested of jurisdiction."  *LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017).

The Court hereby states pursuant to Federal Rule of Civil Procedure 62.1(a)(3) that it would grant Plaintiff's motion and vacate the preliminary injunction as reflected by the Order entered on February 25, 2020, and as confirmed by Decision and Order entered June 11, 2020, if the Second Circuit remanded for that purpose.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 13, 2021
      Rochester, New York