UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER DRUG CO-OPERATIVE,
INC.

                Plaintiff,                **DECISION AND ORDER**

                v.                              6:20-CV-06025 EAW

HISCOX INSURANCE COMPANY, INC.,

                Defendant.
_____

# BACKGROUND

Plaintiff Rochester Drug Co-Operative ("Plaintiff") brings an action against Hiscox Insurance Company, Inc. ("Defendant") for breach of a Private Company Management Liability Insurance Policy bearing number UVA1901769.17, covering the policy period of March 8, 2017 through March 8, 2018 ("the Policy"), by failing to provide reasonable defense costs in connection with various lawsuits commenced against Plaintiff in New York for its alleged involvement in the unlawful distribution of opioids ("the NY Opioid Lawsuits"). (Dkt. 1). This Court previously granted Plaintiff's motion for a preliminary injunction and denied Defendant's motion to dismiss. (Dkt. 57 ("the June 2020 D&O")). Currently pending before the Court is Defendant's motion[1] for reconsideration or

---

[1] Also pending before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. 75). That motion will be addressed in due course by separate decision.

- 1 -

alternatively for an order concerning an immediate appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. 66).[2]  For the reasons set forth below, Defendant's motion is denied.

The background and procedural history of this matter is set forth in detail in the June 2020 D&O, familiarity with which is assumed for purposes of the present Decision and Order.  In support of its request for reconsideration, Defendant argues that its motion to dismiss should have been granted because: (1) the deferred prosecution agreement entered into between Plaintiff and the U.S. Attorney for the Southern District of New York ("SDNY USAO") on April 22, 2019 ("the DPA") "is a final adjudication and, even if it were not, the Court's holding that the DPA establishes factual admissions contained therein is itself a final adjudication sufficient to trigger the exclusion," (Dkt. 66-1 at 7); (2) the stipulated civil settlement between Plaintiff and the SDNY USAO from April 23, 2019 ("the Stipulation") "is also a final adjudication, which establishes that Plaintiff willfully violated the Controlled Substances Act," (*id.*); (3) coverage is not available because of the Prior Acts Exclusion in the Policy (*id.* at 7-8); and (4) coverage is not available because of the Consent to Settlement Provision of the Policy (*id.* at 8).

---

[2] To the extent that Defendant seeks reconsideration of the Court's grant of a preliminary injunction in favor of Plaintiff with the June 2020 D&O, that request is denied as moot.  On July 30, 2020, Plaintiff filed a motion to vacate the preliminary injunction (Dkt. 70), and on January 13, 2021, the Court issued an Order pursuant to Federal Rule of Civil Procedure 62.1(a)(3) indicating that it would grant Plaintiff's motion and vacate the preliminary injunction if the Second Circuit remanded for that purpose (Dkt. 83).  While Plaintiff's motion to vacate remains pending because the Second Circuit has not remanded the matter, there is no further relief that this Court can grant at this point and therefore Defendant's motion to reconsider the June 2020 D&O's grant of a preliminary injunction in favor of Plaintiff is denied as moot.

Plaintiff opposes Defendant's motion for reconsideration. (Dkt. 71). Oral argument was held before the undersigned on January 12, 2021, at which time the Court reserved decision. (Dkt. 82).

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

#### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)). Here, Defendant expressly references Rule 60 in support of its request for reconsideration. (Dkt. 66).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin*

- 3 -

*Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

    B.    <u>Rule 12(b)(6) Motion to Dismiss</u>

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

C.     28 U.S.C. § 1292(b)

Although the Court's grant of a preliminary injunction in favor of Plaintiff was immediately appealable pursuant to 28 U.S.C. § 1292(a)(1), the denial of Defendant's motion to dismiss the complaint was not.  Defendant seeks an order from this Court supporting its immediate appeal of that denial, in the event that reconsideration is not granted.  The applicable statute provides, in relevant part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b).  In other words, the statute requires the district court to find that three criteria are satisfied: (1) the order sought to be appealed involves a controlling question of law; (2) there is a substantial ground for difference of opinion as to the resolution of that controlling issue; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The standard for granting an interlocutory appeal is strict.  "[L]eave to appeal from interlocutory orders should be granted only in exceptional circumstances [that] . . . overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) (citation and quotation omitted).  "Interlocutory appeals are strongly disfavored in federal practice.  Movants cannot invoke

the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784(WHP), 2013 WL 5405696, at *1 (S.D.N.Y. Sept. 17, 2013) (internal quotations and citations omitted).

Moreover, "[d]istrict courts do have independent and unreviewable authority to deny certification even where the three statutory criteria are met." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 146 (E.D.N.Y. 1999) (quotation and citation omitted); *see also In re Wrobel*, No. 14-CV-345S, 2014 WL 2442800, at *1 (W.D.N.Y. May 30, 2014) ("[L]eave may be denied for any reason, including docket congestion."). "The court will only grant certification, then, if the statutory criteria are met and the court believes that immediate appeal would best foster a simultaneously effective and efficient judiciary." *Katsanis v. Blue Cross & Blue Shield Ass'n*, No. 07-CV-696C, 2010 WL 2160353, at *1 (W.D.N.Y. May 27, 2010).

## II.   ANALYSIS

"To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115-16 (2d Cir. 1995). Here, Defendant seeks reconsideration of the June 2020 D&O that concluded dismissal was not warranted based on various exclusions in the Policy. Defendant failed to meet its original burden to justify dismissal of the litigation, and it has wholly failed to establish that reconsideration is warranted.

A. <u>Illegal Conduct Exclusion</u>

The relevant Policy exclusion for illegal conduct provides as follows:

> The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured . . . arising out of, based upon or attributable to the . . . committing of any deliberate criminal or deliberate fraudulent act, or any willful violation of any statute, rule or law, if any final adjudication establishes that such deliberate criminal or deliberate fraudulent act, or willful violation of statute, rule or law was committed.

(Dkt. 1-1 at 20). The Court rejected Defendant's argument that the DPA was a final adjudication so as to invoke the Illegal Conduct Exclusion, and the Court further concluded that even if the Stipulation was a final adjudication within the meaning of the Illegal Conduct Exclusion, "nothing in the Stipulation establishes that Plaintiff committed a deliberate criminal or deliberate fraudulent act, or willfully violated a statute, rule, or law." (Dkt. 57 at 21).

In support of its request for reconsideration of the Court's conclusion about the DPA, Defendant makes a circular argument that because this Court's June 2020 D&O concluded that the facts set forth in the DPA are established, this means that the Court's June 2020 D&O constituted a final adjudication for purposes of the Illegal Conduct Exclusion, necessitating the grant of Defendant's motion to dismiss—even though the so-called final adjudication (i.e. the June 2020 D&O) did not exist until after Defendant's motion to dismiss based on the Illegal Conduct Exclusion was denied. (*See* Dkt. 66-1 at 13). This argument is patently frivolous. As Plaintiff appropriately notes in its opposition to the motion for reconsideration, not only was the June 2020 D&O not a final adjudication, but case law supports the notion that the final adjudication must occur in the underlying

proceeding, not the parallel coverage lawsuit.  (*See* Dkt. 71 at 12 (citing *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 572 (5th Cir. 2010) and *Atl. Permanent Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 839 F.2d 212, 217 (4th Cir. 1988)).

Defendant also makes a new argument in support of reconsideration of the Court's conclusion regarding the DPA.  Specifically, Defendant relies on an Illinois intermediate court decision from 2008—*BDO Seidman, LLP v. Harris*, 379 Ill. App. 3d 918, 925, 885 N.E.2d 470, 476 (2008), which held that indemnification for criminal conduct is barred by New York public policy.  Again, though, Plaintiff's opposition appropriately points to the defect in Defendant's argument (Dkt. 71 at 12-13)—Defendant never asserted this argument initially and cannot now rely on this new argument in support of a motion for reconsideration.  *See Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005) ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.").

With respect to Defendant's argument that this Court should reconsider its findings regarding the Stipulation, the Court previously concluded that Defendant had not met its burden to demonstrate that the Stipulation establishes that a "deliberate criminal or deliberate fraudulent act, or willful violation of statute, rule or law was committed."  (Dkt. 57 at 25).  Defendant argues that the Second Circuit limited the holding of the Supreme Court in *Bryan v. United States*, 524 U.S. 184, 191 (1998) (cited by this Court in the June 2020 D&O), in the case of *United States v. George*, 386 F.3d 383 (2d Cir. 2004).  (Dkt. 73

at 10-11). Relying on *George*, Defendant argues there is "no reason to differentiate between 'knowing' and 'willful' conduct." (*Id.* at 11). However, Defendant misconstrues *George*—which interpreted the term "willfully *and* knowingly" as used in a criminal statute proscribing false statements in connection with a passport application. Moreover, Defendant's argument that the Second Circuit has somehow limited the Supreme Court's holding in *Bryan* is just wrong. In fact, last year the Second Circuit reiterated that *Bryan*'s "definition of willfulness is generally applicable" in the criminal context. *United States v. Kosinski*, 976 F.3d 135, 154 (2d Cir. 2020). In other words, the Second Circuit's interpretation of the term "willfully and knowingly" in the context of the particular criminal statute at issue in *George* does not alter the Court's conclusion that Defendant's motion to dismiss based on the Illegal Conduct Exclusion must be denied because, among other reasons, it is not clear that Plaintiff's admission in the Stipulation to "knowingly" engaging in certain conduct constituted an admission to a "willful" violation of a statute, rule or law.

      B.     <u>Prior Knowledge Exclusion</u>

In the June 2020 D&O, the Court concluded that the record established that Plaintiff had knowledge of the civil investigation by the DEA before the Policy was issued, but it was not clear whether all of the defense costs for which Plaintiff sought coverage were incurred "in connection with" that investigation. (Dkt. 57 at 32-33). The Court also concluded that there were issues as to the applicability of equitable estoppel with respect to Defendant's claims that the Prior Knowledge Exclusion prevented coverage under the Policy. (*Id.* at 33-34). The Court further concluded that the fortuitous loss doctrine did not bar coverage as a matter of law. (*Id.* at 34-36).

In support of reconsideration, Defendant contends that the Court interpreted "in connection with" under the Policy too narrowly, and that the NY Opioid Actions "plainly 'relat[e] to' or 'hav[e] something to do with' the initial civil investigation." (Dkt. 66-1 at 18). Defendant further argues that the Court is "wrong on both the facts and the law" concerning its discussion of equitable estoppel (*id*. at 20-22), and that the fortuitous loss doctrine "dos [sic] not require that the insured have knowledge of the full extent of the loss it will incur" (*id*. at 22). With respect to the latter point, Defendant argues that Plaintiff, being in the business of distributing controlled substances, "would certainly have known upon the issuance of the civil subpoenas that a loss was substantially likely to occur." (*Id*. at 23).

Defendant has not met its burden to establish reconsideration is warranted. The Court recognized in the June 2020 D&O that "in connection with" is interpreted more broadly than "arising out of," but for the reasons previously articulated, concluded that it could not be decided as a matter of law at this stage of the litigation that all of the claims in the NY Opioid Lawsuits were "in connection with" the February 2017 civil investigation. Similarly, at this stage of the litigation and based on the present record, it cannot be determined as a matter of law that Defendant will not be equitably estopped from relying on the Prior Knowledge Exclusion. The resolution of this issue necessarily will involve factual determinations. Defendant's attempts to reargue these points are unpersuasive.

With respect to Defendant's argument that the fortuitous loss doctrine, also referred to as the known loss doctrine, should bar Plaintiff's recovery, reconsideration is not

warranted.  The fortuitous loss doctrine is the principle that an insurer only need provide coverage when the inevitability "of such loss was not known to the insured before coverage took effect."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Cos.*, 265 F.3d 97, 109 (2d Cir. 2001).  For the reasons previously articulated, the Court cannot state as a matter of law at this stage of the litigation that the issuance of a civil subpoena translates to Plaintiff knowing that a loss was "substantially likely to occur," as argued by Defendant.  Again, the resolution of this issue will necessarily involve factual determinations that cannot be made at this stage of the litigation.

### C.    Consent to Settlement Provision

Defendant's request for reconsideration of the Court's determination concerning the Consent to Settlement Provision of the Policy fares no better than its other arguments.  As the Court noted in the June 2020 D&O, Plaintiff has not entered into any agreement with the plaintiffs in the NY Opioid Lawsuits, nor has it admitted or assumed liability in connection with those lawsuits.  (Dkt. 57 at 36-38).  Defendant contends that it is "immaterial whether the liability agreed to by the Insured was with the other party in the underlying action," (Dkt. 66-1 at 25), and yet it does not contest Plaintiff's point that it "fails to cite a single case in which a Consent to Settlement provision applied to exclude coverage for a separate matter where there has been no such settlement" (Dkt. 71 at 17).  In any event, at this stage of the litigation, Defendant is not entitled to dismissal of the lawsuit on the basis of the Consent to Settlement Provision.

D. <u>Appellate Certification</u>

Defendant requests "out of an abundance of caution" that this Court "certify those portions of its Order" denying Defendant's motion to dismiss, arguing in part that the Second Circuit will already be addressing these issues when it considers the grant of a preliminary injunction in Plaintiff's favor. (Dkt. 66-1 at 27). However, it is questionable whether the Second Circuit will, indeed, consider the Court's June 2020 D&O granting Plaintiff a preliminary injunction, as the Court has indicated that it would grant Plaintiff's motion to vacate the preliminary injunction if the case was remanded for that purpose. (Dkt. 83). Although Defendant argues this is not fatal to its request (Dkt. 73 at 14), the Court concludes that Defendant has not met the high standard under 28 U.S.C. § 1292(b). If the Court were to find the standard met here, it would be hard-pressed to not find the § 1292(b) standard satisfied in any case where a defendant's motion to dismiss is denied. This is not one of those cases involving exceptional circumstances justifying a certification under § 1292(b). The denial of Defendant's motion to dismiss was not just based on controlling questions of law, and the Court disagrees that there is a substantial ground for difference of opinion as to the resolution of those issues of law that are relevant to the motion to dismiss. Thus, Defendant's request for relief pursuant to § 1292(b) is denied.

...

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration, or alternatively for a certification pursuant to 28 U.S.C. § 1292(b) (Dkt. 66) is denied.[3]

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 22, 2021
       Rochester, New York

---

[3] In contrast to the manner in which the Court handled Plaintiff's motion to vacate the preliminary injunction (Dkt. 83), the Court does not view itself as divested of jurisdiction by Defendant's pending appeal so that it needs to resort to Federal Rule of Civil Procedure 62.1. Defendant's notice of appeal only effectuated an appeal from the grant of the preliminary injunction motion (Dkt. 69), and as reflected by Defendant's request for certification by this Court pursuant to 28 U.S.C. § 1292(b), there is no appeal as of right from the denial of Defendant's motion to dismiss. Although Defendant's appeal of the grant of the preliminary injunction motion remains pending, that appeal does not divest this Court of jurisdiction over the underlying lawsuit. *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). Thus, while divested of jurisdiction with respect to the preliminary injunction motion, the Court concludes that it is not divested of jurisdiction with respect to other matters in this litigation, including Defendant's request for reconsideration of the denial of the motion to dismiss.